DECISION
This case is before the Court on plaintiff's claim for damages pursuant to the Criminal Injuries Compensation Act, R.I.G.L. 12-25-1 et seq. hereinafter referred to as The Act.
Plaintiff claims to have been the victim of an assault on July 9, 1991 in the City of Providence. On that date he alleges that during the early evening he heard loud music from a radio across the street from his residence at 61 Parade Street. He approached the woman who appeared to be the owner of the radio and asked her to lower the volume and she did so. Plaintiff then turned in order to return to his house when a second woman allegedly threw what he described as an "icy" striking him in the leg. Plaintiff returned to his house to call the police. While calling the police, plaintiff claims that this same woman poured motor oil on his front steps. When plaintiff saw a police cruiser arrive on the scene, he left his house, slipped on the motor oil and was injured.
At a settlement conference, the defendant, State of Rhode Island, refused to make an offer claiming that plaintiff was not a victim under the Act and that he, rather than the alleged assailant, was charged with assault by the Providence Police.
A hearing was held to determine whether the plaintiff was in fact a victim. At that hearing, plaintiff appeared pro se. He testified as to the above stated facts. Although he claimed that his wife witnessed the events he did not call her as a witness. Plaintiff admitted that he was charged with assault but claimed that the matter was disposed of by a not guilty filing in District Court. The state produced no evidence to contradict this assertion.
Two Providence Police officers testified at the hearing. The first, Sergeant Stephen Campbell testified that he had been called to the scene by patrolman Donnie Ashley who had been stopped by the alleged assailant who reported that plaintiff had assaulted her. Campbell testified that no call was received from the plaintiff. In addition, the radio volume was tested and the police determined that it did not represent a nuisance. Campbell did state that he saw the oil can but was unable to determine how the contents were placed on the steps.
The second officer, Ashley, testified that he was flagged down by a woman who claimed to have been assaulted by the plaintiff. The officer claimed that he viewed a red area on the woman's arm which she claimed was the result of plaintiff's assaulting her by grabbing her arm. Furthermore, Ashley testified that plaintiff was in a highly agitated state and was not acting calmly. Both officers acknowledged that plaintiff was injured in a fall and that a rescue was summoned.
After careful consideration of the testimony and exhibits introduced at the hearing, this court has no doubt that plaintiff was injured on the date in question. However, the court is not satisfied, after reviewing the evidence and testimony, that plaintiff has met his burden to prove that the injuries were a result of an assault.
Therefore this court cannot find that the plaintiff, Brian S. Kauch was a victim as contemplated under the Victim Injuries Compensation Act. The case is therefore dismissed without compensation being granted. Counsel for the General Treasurer will prepare an order in accordance with this decision.